# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0166 | **DATE** | 2/4/2013 |
| **CASE TITLE** | Edmund Baker (A73318) vs. Imhote Carter and Billy Johnson | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court orders the trust fund officer at plaintiff's place of incarceration to deduct $5.14 from plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Clerk is instructed to issue summonses for service on all defendants and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all defendants. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied.

■ [ For further details see text below.]

Docketing to mail notices.

---

# STATEMENT

Pro se plaintiff Edmund Baker, a Stateville Correctional Center inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel. (Dkt. No. 4).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $5.14. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Plaintiff states that he suffers partial paralysis due to an unrelated stroke. In September 2011, plaintiff was relocated to D House at Stateville where he encountered defendant correctional officer Johnson. He explained his paralysis to Johnson who allegedly ignored his requests for accommodation. Plaintiff claims that he was exposed to unnecessary pain and injury due to Johnson's failure to accommodate his physical limitations. Plaintiff further alleges that defendant Dr. Carter failed to address his medical needs caused by Johnson's failure to accommodate. Dr. Carter also failed to help plaintiff obtain any type of pass or other accommodation related to his paralysis.

# STATEMENT

Plaintiff may proceed against both defendants for a failure to accommodate claim under the Rehabilitation Act, 29 U.S.C. §§ 794-94e, *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012), and a deliberate indifference claim regarding a lack of access to a minimal civilized measure of life's necessities under the Eighth Amendment. *Jaros*, 684 F.3d at 670-71. Plaintiff may also proceed with a claim against both defendants for deliberate indifference to his objectively serious medical needs. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (per curiam).

The Clerk is instructed to issue summonses for service on all defendants and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who no longer can be found at the work address provided by the plaintiff, Illinois Department of Corrections / Wexford Health Sources shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendant pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.

Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice because he has failed to make a reasonable effort to obtain his own attorney. *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Plaintiff must request pro bono assistance from law firms or legal assistance organizations before he may request counsel from the Court. He should include copies of the letters he receives from these entities responding to his requests in any renewed motion for counsel.